Nos.  A-CV-29-82
A-CV-06-83
A-CV-08-83
A-CV-09-83
A-CV-10-83

COURT OF APPEALS OF THE NAVAJO NATION

September 30, 1983

IN THE MATTER OF THE PRACTICE OF LAW
IN THE COURTS OF THE NAVAJO NATION

Original proceedings heard June 23, 1983 before Chief Justice Nelson J. McCabe and Associate Justices Tom Tso and Robert B. Walters.

The petitioners appeared pro se, and the Navajo Nation Bar Association was represented by Michael C. Nelson, Esquire, of Window Rock, Navajo Nation (Arizona).

Order issued admitting Melody K. Elkins, Alene Delgarito and Donna Carole Bradley as associate member practitioners and remanding the applications of Ronald D. Haven and Inja Nelson to the Navajo Nation Bar Association for further consideration and action.

We previously entered our order in these consolidated cases on the date of hearing due to the urgency of deciding the status of these applicants for bar membership. This opinion is rendered for the purpose of clarifying the reasons for the action taken in the order, reviewing the authority of the courts with respect to bar admissions and outlining the relationship between the Courts of the Navajo Nation and the Navajo Bar Association.

THE REGULATION OF ATTORNEYS

From the earliest times it has been the courts and only the courts which have fixed the qualifications of attorneys and admitted them to practice. Sir William Blackstone stated the rule of law to be that "No man can practice as an attorney in say... courts, but such as is admitted, and sworn an attorney of that particular court." III Commentaries on the Laws of English 26; See also, Serjeant Pulling, The Order of the Coif, pp. 203-204 (1884). That is the general rule of law in the common law jurisdictions of the world.

When the Navajo Tribal Council gave the Navajo Courts rulemaking authority (7 NTC Sec. 601) and the authority to prescribe conditions for the admission of attorneys (7 NTC Sec. 606) in 1959, it was the intent of the council that the rule reported by Sir William Blackstone over 200 years prior would be the rule of Navajo law as well. This is discussed more fully in the decision, In the Matter of Practice of Battles, 3 Navajo R. 82, 10 Indian L. Rep. 6022 (Ct. App. 1982).

The purposes of court regulation of attorney admissions and the practice of law are to guarantee that the public will have their cases presented properly and that it will receive adequate and accurate legal advice. Professional competence in the practice of law is not any easy thing to judge. For a number of years there was a recognition that there needed to be an association of those who practice law before the Navajo Courts in order to assist the courts and to improve the quality of legal services in the Navajo Nation. That recognition culminated in the formation of the Navajo Nation Bar Association, and on October 18, 1978 the Judges of the Courts of the Navajo Nation approved the articles of association and bylaws of that organization. Sec. 103(b) of the articles of association adopted the organizational purpose "To regulate the admission of practitioners to the Bar of the Navajo Courts, so as to insure competence and scrupulous adherence to ethical standards among the members of the Bar." The Navajo Nation Bar Association has greatly assisted the Courts of the Navajo Nation by screening individuals for bar membership, setting membership standards, administering bar examinations and disciplining members of the bar. These services are invaluable and they assure that the members of the Navajo bar themselves have a strong voice in the standards of their profession.

However, the relationship between the courts and the bar must be clarified for the purpose of these cases.

As will be discussed in the next section, there are occasions when problems arise regarding the eligibility of individuals to practice before the Navajo Courts. While the courts have generally delegated the functions of bar admission to the Navajo Nation Bar Association, they should not and cannot delegate fully the functions which are allocated solely to the courts under the Navajo system of government. In other words, while the bar associations screens, fixes general admissions standards and administers bar examinations, the ultimate responsibility and authority for the admission or non-admission of an individual to the practice of law in the Navajo Nation is that of the courts. Normally, the courts make a determination of eligibility and admit individuals to the bar after intitial screening take place before the Navajo Nation Bar Association. In that situation the court does not delegate its powers and authority of admission to the bar but only delegates some of its functions insetting standards and screening. Occasionally, situations will arise in which an individual does not fit the standards fixed by the bar, and then individuals cannot be barred from directly petitioning the courts for admission. The reason for this is that the courts, and only the courts, have the ultimate authority in this area.

It is proper for the courts to permit the bar association to set admission standards since it is in actuality a partner in the process of regulating the practice of law. Normally the standards set by the bar will be strictly followed, and special exceptions based upon considerations of necessity, equity and justice will be rare.

Therefore the Navajo Nation Bar Association continue in the exercise of functions delegated to it by the courts with the blessing of the courts and their thanks.

THE SITUATIONS HERE

In general, one can become a member of the Navajo Nation Bar Association (which is an integrated bar) only after taking a bar examina-

tion. Part III. A, Navajo Nation Bar Association Bylaws (the bylaws). Before one can take the bar examination one must reside or be permanently employed within the territorial jurisdiction of the Navajo Nation and be at least 18 years of age. III.A, 2, Bylaws. There are status restrictions as well. One must either be admitted to a state bar or be either a member of the Navajo Tribe or a "federally-recognized Indian Tribe" which gives members of the Navajo Tribe the right to practice before its courts. III. B.3, Bylaws.

These particular applicants seemed to fall between the cracks of the rules, and they petitioned the court reciting special conditions.

Melody K. Elkins is a non-Indian. She was hired as an attorney for the Navajo Department of Justice and she wished to practice law until she could take the examination. She was not eligible for associate membership, which permits an individual to practice pending taking the exam, and she petitioned the court in order to not engage in the unauthorized practice of law until she took the exam. There should be a special class of associate membership to apply in special cases such as this. The Navajo Department of Justice needs to select the finest attorneys it can for its staff, and those selected must be able to perform their duties until they qualify by taking the examination. This court of course supports the Navajo Nation's right to be represented by competent attorneys, and Ms. Elkins is known to the court to have been a teacher within the Navajo Nation for several years and to have been selected as an attorney with the Department of Justice.

Ronald D. Haven took a leave of absence as a law student at the University of Arizona School of Law and took a position with DNA-People's Legal Services, Inc., as a legal assistant. Haven is an enrolled member of the Navajo Tribe. At the time of the hearing on these applications it appeared to the court that Mr. Haven did not make a proper application to the bar admission committee and it had no opportunity to consider his qualifications as an associate member. Therefore the court referred his case to the admissions committee.

Inja Nelson is an enrolled member of the Navajo Tribe, and she made an application to practice because she is a student of tribal court advocacy at Navajo Community College and she is employed as a legal assistant with DNA-People's Legal Services, Inc. Since she had not applied to the bar admissions committee and it did not have an opportunity to review her qualifications, her application was referred to the committee.

The situation of Alene Delgarito was quite special. She is a member of the Hopi Tribe and its Bar Association, and she was called upon to assume the practice of a member of the bar who was elected to the Navajo Tribal Council. She practices in the Tuba City area, which has a shortage of practitioners. While she claimed she was denied associate membership due to the fact she is not an enrolled member of the Navajo Tribe, since it appeared to the Board of Governors that there is reciprocity with the Hopi Tribal Court for Navajo practitioners, she was granted associate status. On March 25, 1983 the Honorable Delfred Leslie, Associate Judge of the Hopi Tribal Court, certified to the President of the Navajo Nation Bar Association "that the Hopi Tribal Court grants reciprocity to qualified Navajo individuals with respect to practice in our Tribal Court." Judge Leslie is thanked for his assistance in this case.

Donna Bradley is a member of the Navajo Tribe and admitted to practice in Arizona and New Mexico. She is an attorney with the Navajo Department of Justice. She has been admitted to practice as an associate member.

At the hearing of this matter the Navajo Nation Bar Association acknowledged that all petitioners except Elkins are eligible for associate membership. The individuals from the Department of Justice are eligible to associate with either the Attorney General or some other member of her staff, and the individuals from DNA are eligible to associate with attorneys with that organization.

## CONCLUSION

These cases arose from peculiar circumstances which required the court to bypass normal bar admission procedures to examine the particular circumstances of each of the applicants. This procedure is not intended to fix a usual procedure for looking at admission applications, and applicants will be expected to first apply to the Navajo Nation Bar Association under its Rules and Procedures.

The Navajo Nation Bar Association has been of great assistance in the past in litigation involving its functions and in the operations of the courts, and it is again thanked for its participating in this case. The court was briefed well on the position of the association with respect to each applicant, and the interest of the applicants were taken into due consideration.